CILENTI & COOPER, PLLC
Giustino (Justin) Cilenti (GC2321)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------------X
JOHN ORTIZ,                                              :    Case No.   18 CV 17437
                                                         :
                            Plaintiff,                   :    FLSA COMPLAINT
                                                         :
      -against-                                          :
                                                         :
FAN BISTRO RESTAURANT INC. d/b/a FAN BISTRO, :                **Jury Trial Demanded**
FENG LIU, and LENA LIU,                                  :
                                                         :
                            Defendants.                  :
-----------------------------------------------------------------------X

Plaintiff JOHN ORTIZ ("Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants FAN BISTRO RESTAURANT INC. d/b/a FAN BISTRO ("FAN BISTRO" or the "Restaurant"), FENG LIU (a/k/a "Kelvin" Liu), and LENA LIU (the "Individual Defendants") (Fan Bistro and the Individual Defendants are collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1.     This is an action brought by Plaintiff alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the New Jersey Wage and Hour Law and Regulations ("NJWHLR"), N.J.S.A. §§ 34:11-56a *et seq.*, arising from the Defendants' failure to pay Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked over forty (40) hours per workweek.

2. Plaintiff alleges that, pursuant to the FLSA, he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

3. Plaintiff further alleges that, pursuant to the NJWHLR, he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) pre-judgment and post-judgment interest, and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

6. Plaintiff is a resident of Queens County, New York.

7. Defendant, FAN BISTRO, is a domestic business corporation organized under the laws of the State of New Jersey, with a principal place of business located at 8 South Street, New Providence, New Jersey 07974.

8. The Individual Defendants are shareholders, owners, officers, directors and managing agents of FAN BISTRO who participate in the day-to-day operations of the Restaurant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NJWHLR, N.J.S.A. § 34:11-56a(1)(g), and are jointly and severally liable with FAN BISTRO.

9. The Individual Defendants exercised control over the terms and conditions of Plaintiff's employment in that they had and continue to have the power and authority to: (i) hire

and fire employees, (ii) determine rates and method of pay, (iii) determine work schedules and hours worked, (iv) supervise and control the work of employees, and (v) create and maintain employment records.

10. Upon information and belief, during the 2015 and 2016 calendar year FAN BISTRO was an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) had an annual gross volume of sales of not less than $500,000.

11. From in or about 2006 until in or about September 2016, Defendants employed Plaintiff to work as a non-exempt dishwasher and porter for Defendants' Chinese/Japanese restaurant doing business as "Fan Bistro," located at 8 South Street, New Providence, New Jersey (the "Restaurant").

12. The work performed by Plaintiff was directly essential to the business operated by Defendants.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and NJWHLR.

14. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and NJWHLR.

15. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

16. The Individual Defendants are present at the Restaurant every day and actively participate in the day-to-day operation of the Restaurant. For instance, the Individual Defendants are not only considered the bosses, they personally work alongside the employees, supervise and

direct the work of the employees, instruct all employees how to perform their jobs, and correct the employees for any errors made.

17. In addition, the Individual Defendants create and implement all crucial business policy. This includes, among other things, decisions concerning the number of hours the employees are required to work, and the amount and method by which the employees are paid.

18. In or about 2006, Defendants hired Plaintiff to work as a non-exempt dishwasher and porter.

19. Plaintiff worked continuously for Defendants in those capacities until in or about September 2016.

20. During the course of Plaintiff's employment, he worked over forty (40) hours per week.

21. During the relevant limitations period beginning in December 2015 and continuing through the remainder of his employment in or about September 2016, Plaintiff worked six (6) days per week and his work shift consisted of twelve and one-half (12.5) hours per day Tuesday through Sunday from 10:30 a.m. until 11:00 p.m.

22. During this period, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $1,800 per months ($450 per week) straight time for all hours worked and worked seventy-five (75) hours per week (for a regular rate of pay of $6 per hour). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

23. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and NJWHLR.

24. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff either the FLSA overtime rate (of time and one-half), or the New Jersey State overtime rate (of time and one-half), in direct violation of the FLSA and NJWHLR.

25. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

26. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "25" of this Complaint as if fully set forth herein.

27. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

28. At all relevant times, the Defendants employed Plaintiff within the meaning of the FLSA.

29. Upon information and belief, during the 2015 and 2016 calendar years, FAN BISTRO had gross revenues in excess of $500,000.

30. Plaintiff worked hours for which he was not paid the statutory minimum wage.

31. Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for hours worked.

32. Defendants failed to pay Plaintiff minimum wages in the lawful amount for hours worked.

33. Plaintiff was entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

34. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the minimum hours provided for in the FLSA.

35. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 207(a)(1) and 215(a).

36. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff.

37. Defendants have failed to make, record, report, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

38. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

39. As a direct and proximate result of the Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

40. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and

overtime compensation, plus an equal amount as liquidated damages, and prejudgment interest thereon.

41. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New Jersey Wage and Hour Law]

42. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "41" of this Complaint as if fully set forth herein.

43. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a(1)(g).

44. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

45. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than time and one-half for all hours worked in excess of forty (40) hours in a workweek in violation of N.J.S.A. § 34:11-56a4.

46. Defendants knew of and/or showed a willful disregard for the provisions of the NJWHLR as evidenced by their failure to pay Plaintiff his lawful minimum wages and overtime compensation for all hours worked when they knew or should have known such was due.

47. Defendants' actions were willful and not in good faith within the meaning of N.J.S.A. §§ 34:11-56a25.2.

48. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of N.J.S.A. § 34:11-56a20, N.J.A.C. §§ 12:56-4.1, 12:56-4.2.

49. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the N.J.A.C. § 12:56-4.4.

50. Plaintiff has suffered irreparable injury and monetary damages as a result of the Defendants' acts.

51. Due to the Defendants' NJWHLR violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages and overtime compensation, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to N.J.S.A. 34:11-56.8. Plaintiff is also entitled to liquidated damages pursuant to N.J.S.A. § 34:11-56.8.

## **PRAYER FOR RELEIF**

WHEREFORE, Plaintiff JOHN ORTIZ respectfully request that this Court grant the following relief:

(a) An award of unpaid minimum wages due under the FLSA and New Jersey Wage and Hour Law;

(b) An award of unpaid overtime compensation due under the FLSA and New Jersey Wage and Hour Law;

(c) An award of liquidated damages as a result of the Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(d) An award of prejudgment and post-judgment interest;

(e) An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and,

(f) Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       December 20, 2018

                                  Respectfully submitted,

                                  CILENTI & COOPER, PLLC
                                  *Attorneys for Plaintiff*
                                  708 Third Avenue – 6th Floor
                                  New York, NY 10017
                                  T. (212) 209-3933
                                  F. (212) 209-7102

By: _____
          Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __John R. Ortiz__, am an employee currently or formerly employed by __Fan Bistro.__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
   __12/4__, 2018

_/s/ John Ortiz_